IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NANCY BRACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:15-cv-24 |
| | ) | |
| v. | ) | |
| | ) | |
| STELLAR RECOVERY, INC. | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. §§ 153 et seq.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 153, and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ( "FDCPA"), and out of the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

[ 1 ]

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

## PARTIES

5. Plaintiff, Nancy Brackett (hereinafter referred to as "Plaintiff" and/or "Plaintiff"), is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant Stellar Recovery, Inc. (hereinafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation orgainized in Florida, with its principal office located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216-8035 and maintains with its principal office located in Tampa, Florida.

7. Defendant may be served by personal service upon its registered agent, to wit: Stellar Recovery, Inc., c/o Business Filings Incorporated, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. Defendant uses mail in its business.

10. Defendant makes telephone calls in the course of its business.

11. The primary purpose of Defendant's business is the collection of debts.

12. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

13. Defendant is a debt collector subject to the provisions of the FDCPA.

14. Defendant alleges that Debbie Brackett (hereinafter "Debbie") a third party who is not related to Plaintiff, incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Plaintiff is not currently, nor was she ever, a party to the underlying debt.

16. Sometime prior to January 15, 2014, the debt was sold or otherwise transferred to Defendant for collection from Debbie, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

17. Defendant harassed Plaintiff by making repetitive telephone calls to her home telephone number in an attempt to collect the debt.

18. In the course of attempting to collect a debt allegedly due from Debbie, Defendant communicated with Plaintiff on multiple occasions in a fashion that violated multiple provisions the FDCPA.

**Collection Calls**

19. As previously explained, Plaintiff is not a party to the underlying account.

20. Plaintiff never provided her telephone number to the original creditor or Defendant.

21. Plaintiff never gave express consent for the original creditor or Defendant to call her telephone number.

22. Defendant has placed multiple telephone calls to Plaintiff.

23. Over the past year Defendant, and the collectors employed by Defendant, repeatedly and willfully contacted Plaintiff on her home telephone number in an effort to market to her and/or collect a debt. These calls were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Plaintiff received at least six calls from Defendant.

25. On or around January 15, 2014, Plaintiff received a call from Defendant wherein a pre-recorded voice directed her to press 1 if it was the telephone number for Debbie Brackett or press 2 if it wasn't. Plaintiff pressed 2.

26. The January 15, 2014 call originated from 1-423-758-6248, which was a working number for Defendant as of January 15, 2014.

27. The Defendant did not identify itself as a debt collector in the January 15, 2014 call.

28. Even after being informed that it was calling the wrong number, Defendant still made several calls to Plaintiff.

29. On or around March 7, 2014, Plaintiff received a call from Defendant wherein a pre-recorded voice directed her to press 1 if it was the telephone number for Debbie Brackett or press 2 if it wasn't. Plaintiff pressed 2.

30. The March 7, 2014 call originated from 1-423-758-6248, which was a working number for Defendant as of March 7, 2014.

31. The Defendant did not identify itself as a debt collector in the March 7, 2014 call.

32. On or around March 25, 2014, Plaintiff received a call from Defendant wherein a pre-recorded voice directed her to press 1 if it was the telephone number for Debbie Brackett or press 2 if it wasn't. Plaintiff pressed 2.

33. The March 25, 2014 call originated from 1-423-758-6248, which was a working number for Defendant as of March 25, 2014.

34. The Defendant did not identify itself as a debt collector in the March 25, 2014 call.

35. On or around March 26, 2014, Plaintiff received another call from Defendant wherein a pre-recorded voice directed her to press 1 if it was the telephone number for Debbie Brackett or press 2 if it wasn't.

36. The March 26, 2014 call originated from 1-423-758-6248, which was a working number for Defendant as of March 26, 2014.

37. The Defendant did not identify itself as a debt collector in the March 26, 2014 call.

38. In the calls, Defendant's automated system immediately advises Plaintiff to press 2 if she is not Debbie, which she did numerous times, but Defendant's system still did not place Plaintiff's telephone number on its "Do Not Call" register.

39. These directions by Defendant to Plaintiff, *i.e.* instructing Plaintiff to press number 2, have seemingly provided Defendant the opportunity to call Plaintiff time and time again. The only other option would be for Plaintiff to press number 1, which would be a lie as Plaintiff is not Debbie and the number dialed is not a working number for Debbie.

40. If Plaintiff were to press number 1 and listen to the entirety of the message, then it effectively assures a violation of the FDCPA as the message would disclose private information to a third party: that a debt collector is attempting to collect a debt from Debbie.

41. Plaintiff spoke with Defendant's representative, Candy, on April 10, 2014. Plaintiff again explained that Defendant was calling the wrong telephone number and requested her number be removed from Defendant's call list.

42. Plaintiff does not recall Candy identifying herself as a debt collector or asserting that

[ 5 ]

she was attempting to collect a debt in that call.

43. Plaintiff believes she received more calls from Defendant over the past year than are listed here, and she is awaiting receipt of call logs from her telephone service provider to verify this.

44. The calls from Defendant routinely appear on Plaintiff's caller identification as originating from "423-217-4280" or "423-758-6248".

45. The calls from Defendant routinely advise Plaintiff to call 855-820-5219.

46. Plaintiff is informed, and therefore asserts, that the telephone number 423-217-4280 is a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

47. Plaintiff is also informed, and therefore asserts, that the telephone number 423-758-6248 is also a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

48. Plaintiff is also informed, and therefore asserts, that the telephone number 855-820-5219 is also a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

49. Plaintiff has never received a notice pursuant to 15 U.S.C. §1692g from Defendant.

50. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE BY DEFENDANT TO INCLUDE THE REQUIRED 15 U.S.C. § 1692e(11) DISCLOSURES IN ITS COMMUNICATIONS

[ 6 ]

51. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector. The failure to make this disclosure is a violation of 15 U.S.C. § 1692e(11).

52. Defendant called Plaintiff several times. In many of the calls Defendant failed to disclose it was a debt collector, which is required by 15 U.S.C. § 1692e(11).

53. When Defendant communicated with Plaintiff it violated 15 U.S.C. § 1692e(11) by willfully omitting that it was a debt collector. On at least five separate occasions, Defendant violated this provision of the FDCPA.

54. Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the FDCPA failed to provide the required disclosures.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692g

55. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: The failure to send the consumer a thirty-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5) and 1692g(b).

56. Defendant called Plaintiff numerous times, but Plaintiff has never received any of the requisite notices pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), or 1692g(a)(5).

57. Plaintiff disputed the debt and tried to explain her dispute to Defendant's representative, but in spite of this dispute, Defendant has never provided any validation of the

[ 7 ]

debt.

58. Defendant's calls were all conducted for the purpose of collecting the debt, and therefore each call after January 15, 2014 is violation of 15 U.S.C. §1692g(b), which requires debt collectors to cease all collection efforts until the debt is validated once a dispute has been made.

59. Defendant's collection tactics of calling Plaintiff repeatedly before ever validating the debt, were overshadowing of the disclosures required by 15 U.S.C. §1692g(a).

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

60. The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

61. In spite of Plaintiff's disputes Defendant continued to call her repeatedly.

62. The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

63. The collection attempts by the Defendant in its various telephone calls, voicemails, and messages left for Plaintiff are attempts to harass, oppress or otherwise abuse Plaintiff into payment of a debt that she never owed.

64. The purpose of FDCPA is the prevention of these types of overreaching collection tactics and means.

### FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: CAUSING PHONE TO RING REPEATEDLY

[ 8 ]

65. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: Causing Plaintiff's phone to ring repeatedly or continuously with intent to harass, annoy or abuse her, which is a violation of 15 U.S.C. §1692d(5).

66. Plaintiff has received numerous calls from Defendant's representatives in the past year. She tried to stop the calls, but they continued.

67. Plaintiff believes she received more calls from Defendant over the past year than are listed here, and she is awaiting receipt of call logs from her telephone service provider to verify this.

### FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY

68. The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

69. Defendant attempted to contact Debbie on Plaintiff's telephone on several occasions. These calls were received and heard by Plaintiff, who is not a party to the underlying account.

70. Consequently, Defendant communicated with a third party, Plaintiff, when attempting to collect a debt from Debbie.

71. The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

72. In Defendant's various phone calls, Defendant never attempted to confirm or correct

[ 9 ]

Case 3:15-cv-00024-PLR-CCS   Document 1   Filed 01/15/15   Page 9 of 12   PageID #: 9

Debbie's location information.

73. Without the prior consent of the consumer given directly to Defendant, it may not communicate with any other person in connection with the collection of the debt, except Debbie, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

74. Defendant communicated with a third party on numerous occasions.

**SIXTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO DISCLOSE DEFANDANT CALLER'S IDENTITY IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692d(6)**

75. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: In phone communications with the consumer, failure by the debt collector to provide meaningful disclosure of caller's identity is a violation of 15 U.S.C. § 1692d(6).

76. Defendant called Plaintiff several times over the past year. In most of these calls Defendant did not disclose its name, in spite of the fact that it was attempting to collect a debt.

77. The FDCPA forbids a debt collector from contacting a consumer in the collection of debts without proper disclosure of the debt collector's identity.

78. When Defendant communicated with Plaintiff through several telephone calls and messages, it violated 15 U.S.C. § 1692d(6) by willfully omitting its identity.

79. The procedures maintained (i.e., actually employed or implemented) by Defendant, if any, to avoid errors under the FDCPA, failed to protect the rights of Plaintiff when Defendant failed to provide numerous required disclosures pursuant to 15 U.S.C. §§ 1692d(6), 1692e(11), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

[ 10 ]

Case 3:15-cv-00024-PLR-CCS   Document 1   Filed 01/15/15   Page 10 of 12   PageID #: 10

80. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

81. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692e(14), and 1692f, amongst others.

## TRIAL BY JURY

82. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in favor of the Plaintiff as follows:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grants such further and additional relief as is just in the circumstances.

[ 11 ]

Respectfully submitted this the 15th day of January, 2015.

    /s/ Justin A. Brackett
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
565 Ball Play Road
Madisonville, TN  37354
(865) 228-7764
justinbrackettlaw@gmail.com

[ 12 ]