UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NANCY BRACKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15-cv-00024 |
| ) | (REEVES/SHIRLEY) |
| v. ) | |
| ) | |
| STELLAR RECOVERY, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Brief in Support of her Request for Entry of Judgment and/or a Jury Charge for Spoliation of Evidence Against Defendant [Doc. 20].[1] The parties appeared before the Court on December 21, 2015. Attorney Justin Brackett was present on behalf of the Plaintiff, and Attorney Alison Emery was present on behalf of the Defendant. For the reasons stated herein, the Court **RECOMMENDS** that the Plaintiff's request for sanctions [Doc. 20] be **DENIED.**

**I.    POSITIONS OF THE PARTIES**

By way of background, the Complaint alleges that the Defendant, a debt collector, violated the Fair Debt Collection Practices Act ("FDCA") by repeatedly calling the Plaintiff over a debt that was not hers. In the instant brief [Doc. 20], the Plaintiff alleges that the Defendant failed to preserve evidence relating to a telephone number ending in 2966. The Plaintiff states

---

[1] The Plaintiff did not accompany her request with a motion, only a brief. See Doc. 20. The Plaintiff is admonished that pursuant to Local Rule 7.1, all briefs shall be filed with motions. See L.R. 7.1 ("[T]he opening brief and any accompanying affidavits or other supporting material shall be served and filed *with the motion."*) (Emphasis added).

that this evidence consists of the following: (1) a June 28, 2013 recording, between the actual debtor and the Defendant, and (2) the call log from the 2966 telephone number. The Plaintiff continues that the destroyed call records and audio recordings would tend to prove or disprove an ultimate issue in the case—namely, whether Defendant had spoken with the actual account debtor before it commenced collection efforts against the Plaintiff. The Plaintiff requests that the Court enter judgment against the Defendant in the full amount of statutory damages ($1,000.00), costs, and attorney's fees. In the alternative, the Plaintiff requests that the Court issue an adverse inference charge to the jury for spoliation of the evidence.

The Defendant filed a Response [Doc. 24] explaining that pursuant to its arrangement with its third-party vendor, LivVox, all recordings and call logs are routinely destroyed after two years. The Defendant submits that it provided the Plaintiff an Account History, which captures all the information contained in the LiveVox call log relating to the 2966 number. In addition, the Defendant submits that in the course of preparing a response to the instant motion, a search of its internal server was conducted and the June 28, 2013 recording, was located and sent to Plaintiff's counsel on November 1, 2015.

Furthermore, the Defendant argues that information relating to the 2966 account was not produced or preserved because it appeared that the allegations against it related only to the calls actually made to the Plaintiff. In addition, the Defendant states that the Account History for the June 28 telephone call to the 2966 number shows, "WN." This Defendants states that "WN" means "wrong number" or "bad number," *i.e,* not the actual debtor.

The Plaintiff filed a Reply [Doc. 25] stating that the Defendant admitted that it did not preserve the call recordings and call logs. In addition, the Plaintiff argues that the Account History is different than the original LivVox call logs. In her reply brief, the Plaintiff requests

that the Court order the preservation and turnover of all documents relating to the 2966 account, order the Defendant to respond to discovery requests, exclude the June 28, 2013 recording, from evidence, and sanction the Defendant as appropriate.

II.     ANALYSIS

As explained above, the Plaintiff requests that judgment be entered in her favor or an adverse inference instruction to the jury because the Defendant failed to preserve calls logs and only produced the call recording after the Plaintiff filed her brief. In her Reply brief, she seeks orders directing the Defendant to comply with discovery and for the exclusion of the June 28 recording.   For the reasons stated below, the Court **RECOMMENDS** that the Plaintiff's requests be denied in their entirety.

As an initial matter, the Court notes that the Plaintiff failed to comply with section (j) of the Court's Scheduling Order [Doc. 9] and Rule 37 of the Federal Rules of Civil Procedure. The Scheduling Order instructs the parties to perform two steps before filing any motions with the Court. First, section (j) of the Scheduling Order states that if the parties have a discovery dispute, the parties must meet and/or confer in order to attempt to resolve the dispute without judicial intervention. Second, if the parties cannot reach an agreement, they shall appear before the Magistrate Judge for an informal conference. If the parties' dispute remains unresolved, then the parties may file the appropriate motions.

With respect to the first step, it is unclear to the Court whether the Plaintiff met and conferred with the Defendant before filing her brief.  For instance, as an exhibit to her brief, the Plaintiff filed an email that Plaintiff's counsel had sent to defense counsel *three days* before filing the brief requesting sanctions. The email states, "Please be prepared to answer whether Stellar has preserved the recording of the June 28, 2013 collection call it made to XXX-XXX-

3

2966, or simply provide me with that recording." Such meaningless actions do not constitute the "meet and confer" obligation of which this Court has in mind. With respect to the second step, the Court conducted an informal discovery dispute on October 9, 2015, but the Plaintiff filed her brief on October 8, 2015. Such actions are not in accordance with the Scheduling Order. Finally, although the Plaintiff cites Rule 37 for relief, she did not file a motion to compel. See Fed. R. Civ. P. 37.

In any event, however, the Court has considered the merits of the Plaintiff's request for sanctions and recommends that her request be denied. The recent amendments to Rule 37 of the Federal Rules of Civil Procedure are helpful in the Court's analysis.[2] Specifically, Rule 37(e) entitled, "Failure to Provide Electronically Stored Information," instructs courts to examine whether the innocent party is prejudiced or whether the destroying party acted with intent "[i]f electronically stored information that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, *and* it cannot be restored or replaced through additional discovery." (Emphasis added). With respect to the LivVox audio recording, the Defendant was able to locate another copy of the audio recording. Thus, sanctions cannot be awarded with respect to the audio recording.

With respect to the call logs for the 2966 account, during the hearing, the Defendant explained the call logs were not kept because the number was not related to the Plaintiff, and the Complaint stems from the telephone calls made to the Plaintiff. In addition, the Account History dated June 28 for the 2966 account states that it was the "wrong number," *i.e,* not the actual debtor. The June 28 recording supports the Account History's notation. Accordingly, the Court finds that the Defendant was not acting in bad faith when its third-party vendor routinely

---

[2] Several revisions to the Federal Rules of Civil Procedure became effective on December 1, 2015, and govern "insofar as just and practicable, all proceedings then pending." Order Regarding Amendments to Fed. R. Civ. P., — U.S.— (2015).

destroyed the call log and the recording. Moreover, the Court finds that the Plaintiff has not been prejudiced by the destruction of the call log or the recording.

For the same reasons, the Court recommends that the Plaintiff's request to exclude the audio recording be denied. The Court also finds that it is not necessary in this case to issue an order to the Defendant relating to discovery. The Federal Rules require parties to fully participate in discovery, and they provide mechanisms for which the discovery rules can be made effective. The Court **INSTRUCTS** both parties to comply with the Federal Rules.

### III. CONCLUSIONS

Based upon the foregoing, the undersigned **RECOMMENDS**[3] that the Plaintiff's request for sanctions [**Doc. 20**] be denied.

Respectfully Submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

5

Case 3:15-cv-00024-PLR-CCS   Document 29   Filed 02/24/16   Page 5 of 5   PageID #: 197